**In the Matter of D. W. S., a child under 18 years of age.**

**No. J–77–46.**

Court of Criminal Appeals of Oklahoma.

April 26, 1977.

Richard D. Gibbon & Assoc., Joseph F. Clark, Jr., Tulsa, for appellant.

Sevier M. Fallis, Jr., Dist. Atty., Cary W. Clark, Asst. Dist. Atty., Tulsa County, for appellee.

## OPINION

BRETT, Judge:

Appellant, D. W. S., a Juvenile, appeals from an order of the District Court of Tulsa County, Juvenile Division, Honorable Joe Jennings, presiding, referring appellant as a delinquent child to the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services, to be held at the State School for Boys at Helena, Oklahoma for a minimum period of one (1) year and setting a review hearing in the matter for approximately one (1) year later.

At a dispositional hearing held on December 21, 1976, the lower court judge entered an order committing the appellant to the custody of the Department of Institutions, Social and Rehabilitative Services to be held in the State School for Boys in Helena, Oklahoma, for a minimum period of one (1) year. The Judge stated that if the Department of Institutions, Social and Rehabilitative Services determined prior to that time that the appellant had been rehabilitated and was no longer a threat to the community, the Department could make an application to the court and the court would conduct a hearing. Otherwise, the Judge set a review hearing to be held December 15, 1977, at 1:30 in the afternoon. Appellant's only assignment of error is that under Oklahoma's Juvenile Code, the district court judge does not have the authority to determine the period of time that a juvenile shall be held by the Department of Institutions, Social and Rehabilitative Services.

Applicable portions of the Juvenile Code are 10 O.S.1971, § 1116(a)(3), which reads:

"The court may commit the child to the custody of the Department; provided, any order adjudicating a child to be delinquent and committing the child to the Department shall be for an indeterminate period of time."

The other applicable statute is 10 O.S.1971, § 1139(a) which reads:

"All children adjudicated delinquent and committed to the Department shall be discharged at such time as the Department determines there is a reasonable probability that it is no longer necessary, either for the rehabilitation and treatment of the child, or for the protection of the public, that the Department retain legal custody."

A reading of the plain wording of the statutes shows that once the trial court judge commits a child to the custody of the Department of Institutions, Social and Rehabilitative Services, he no longer controls the length of time the child shall be held by the Department. See, *State v. Jennings*, Okl. Cr., 561 P.2d 99 (1977).

It is therefore the order of this Court that the order of the Tulsa County Juvenile Court shall be modified to provide that D. W. S., shall be committed to the Department of Institutions, Social and Rehabilitative Services to be discharged at such time as the Department determines there is a reasonable probability that it is no longer necessary, either for the rehabilitation and treatment of D. W. S., or for the protection of the public.

BUSSEY, P. J., and BLISS, J., concur.